

**DLA Piper LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
www.dlapiper.com

David S. Sager
David.Sager@us.dlapiper.com
T  973.520.2570
F  973.215.2604

April 28, 2023

*VIA CM/ECF*

The Honorable Zahid N. Quraishi
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:**   *Jane Doe (P.B.) v. Wyndham Hotels & Resorts, Inc. et al.*
**Case No. 3:23-cv-01493-ZNQ-RLS (D.N.J.)**

Dear Judge Quraishi:

On behalf of Defendants Wyndham Hotels & Resorts, Inc. ("WHRI") and Ramada Worldwide Inc. ("RWI"), and in accordance with Your Honor's Judicial Preferences, I write to request a pre-motion conference to seek leave to move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff has asserted a single claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).  Plaintiff alleges that she was trafficked for sex for two days in March 2016 at a franchised Ramada® hotel located in Toms River, New Jersey (the "Facility") jointly owned and operated by defendants "CT-CT07" and "DT-DT07" pursuant to a license agreement with RWI.  WHRI is RWI's ultimate parent company.  Although not relevant to their anticipated motion, WHRI and RWI do not have any record of these entities having been the franchisees.  Neither WHRI nor RWI owned, operated, maintained a presence at, or controlled the day-to-day operations of the Facility, and they certainly did not know of, let alone participate in a venture with, Plaintiff's alleged traffickers.

WHRI and RWI intend to seek dismissal of Plaintiff's Complaint because it fails to state a claim under Section 1595(a) of the TVPRA.  A TVPRA claim must be based on well-pled factual allegations sufficient to support a plausible inference that the defendant "knowingly" benefited "from participation in a venture which that person knew or should have known has engaged in an act in violation" of the criminal provisions of the TVPRA.  18 U.S.C. § 1595(a)*; see Doe #1 v.*



*Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021) (hereinafter "*Red Roof*").[1]   Plaintiff's Complaint does not do so.

The Complaint lacks well-pled allegations that either WHRI or RWI participated in a sex trafficking "venture" with one or more of the criminal traffickers.  *See* 18 U.S.C. § 1595(a); *see also id.* § 1591(e)(6) (defining "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity").  Plaintiff fails to allege any facts to plausibly suggest that WHRI or RWI knew the traffickers existed, much less interacted with them at all.  *See* Opinion & Order, *A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-cv-643-JES-NPM (M.D. Fl. Apr. 17, 2023), at 6-7 ("A complaint must plausibly plead both '*participation*' and a 'venture.'" (emphasis added)).  Instead, Plaintiff points to the fact that WHRI and RWI "generate revenue and profit from each room that is rented" and failed to "follow[] . . . stated policies and procedures regarding human trafficking, and codes of conduct designed to curb human trafficking . . . ." Compl. ¶¶ 26, 53, 76.  Neither of these allegations are sufficient to plausibly plead participation in a TVPRA venture.  *See A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-cv-0120, 2020 WL 8674205, at *3 (E.D. Va. July 22, 2020) (holding that "participation" in a venture "requires some overt act in furtherance of the trafficking; nonfeasance (*i.e.*, the alleged failure to prevent trafficking) is not sufficient").

In addition, Plaintiff's Complaint does not plausibly allege that WHRI or RWI had actual or constructive knowledge of *Plaintiff* being trafficked *at the Facility*.  *See Red Roof*, 21 F.4th at 725.  Plaintiff alleges that WHRI and RWI knew or should have known about the alleged sex trafficking based on general allegations about the prevalence of trafficking in the hospitality industry, including through alleged news reports of sex trafficking at Ramada®-branded properties and based on online guest reviews on travel websites of Ramada®-branded properties.  Compl. ¶¶ 31-32.  There are no allegations, though, that these information sources involved the Plaintiff specifically.  Nor does the Complaint allege that WHRI or RWI benefited "*from* participation in a venture" that committed TVPRA crimes, with knowledge of that causal relationship.  18 U.S.C. § 1595(a) (emphasis added); *see Bridges v. Poe*, 487 F. Supp. 3d 1250, 1261-62 (N.D. Ala. 2020).  Plaintiff points to an ordinary franchise agreement between WHRI and RWI (even though WHRI is the ultimate parent company of the franchisor, RWI, and does not enter into these types of franchise agreements), alleging that "[WHRI] and [RWI] generate revenue and profit from each room that is rented," including royalties.  Compl. ¶ 53. This is insufficient.

Plaintiff's attempts to impose vicarious liability under the TVPRA also fail.  The Complaint contends that WHRI and RWI exercise "day-to-day control" over the Facility and are therefore vicariously liable for the conduct of the franchisees based on agency principles.  Compl. ¶¶ 52, 66-68.  But, the TVPRA already accounts for secondary civil liability under a beneficiary theory as described above (*i.e.*, those who participate in "ventures" that commit tracking crimes, as opposed to the trafficking itself).  *See, e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177, 184 (1994) (refusing to read forms of "secondary liability" into a federal

---

[1] The Eleventh Circuit Court of Appeals is the only federal circuit court to address the pleading requirements under Section 1595(a) to date.



statute).  To the extent this court interprets the TVPRA to allow for an agency theory of liability, Plaintiff fails to adequately plead how WHRI or RWI "exercise an ongoing right of control . . . ." *See, e.g.*, *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1064-65 (D. Colo. 2021).  Plaintiff's Complaint includes a general laundry list of how WHRI and RWI "exercise an ongoing right of control over their franchised hotels . . . through at least one or more . . . [actions]," without any other details.  Compl. ¶ 58.  These bare-boned allegations fail to state a claim.

Plaintiff's TVPRA claim separately fails because it does not meet the requirements of Federal Rule of Civil Procedure Rule 8 inasmuch as it does not give WHRI or RWI "fair notice of what the . . . claim is and the grounds upon which it rests." *Karupaiyan v. Shalimar Grp. of Rests.*, No. 23-844 (SDW) (JBC), 2023 WL 2367631, at *1 (D.N.J. Mar. 6, 2023).  Plaintiff does not allege when she was trafficked at the Facility.  *Compare* Compl. ¶ 23 ("Jane Doe's trafficking period includes, but cannot be limited to, 2015 through 2017") *with id.* ("Due to Jane Doe being kept on drugs she is able to provide only the dates of March 15, 2016 through March 16, 2016 at the subject Defendant property.").  Plaintiff also improperly lumps WHRI and RWI together throughout the Complaint, and, more importantly, refers to "hotel franchisors," generally.  *See id., e.g.,* ¶¶ 36, 66.  The Complaint is inconsistent as to what measures WHRI and RWI might have allegedly taken to "prevent" Plaintiff's trafficking.  *Compare id.* ¶¶ 26, 35 *with id.* ¶¶ 30, 37.  It is impossible for WHRI and RWI to discern which allegations are directed to each of them specifically.

For these reasons, WHRI and RWI respectfully seek leave to move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ David S. Sager
David S. Sager

cc: Counsel of Record via ECF